**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SULEYMAN BILGI** | : | **CIVIL ACTION NO. 1:26-CV-2815** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **CRAIG LOWE, WARDEN of Pike County Correctional Facility,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

Presently before the court is a petition (Doc. 1) for a writ of habeas corpus filed by petitioner Suleyman Bigli, seeking his release pending removal proceedings. Bigli, a citizen of Türkiye, is subject to an order of removal, and scheduled for a hearing before an immigration judge on November 2, 2026.[1] Bigli was previous released from immigration detention in 2024 and was re-detained by Immigration and Customs Enforcement ("ICE") in September of 2026. (Doc. 1 ¶ 2). Bigli argues that his re-detention without any pre-detention process violates his procedural due process rights. See e.g., Garcia v. Oddo, Civ. No. 3:26-CV-1256, 2026 WL 2797277 at *4 (W.D. Pa. Sep. 16, 2026) (collecting cases holding that "[w]hen the government grants and then seeks to revoke parole, the Due Process Clause of the Fourteenth Amendment is implicated, and the government must prove that a change of circumstances has occurred which justifies the detention."). The Government disagrees, arguing that as

[1] The court determined this fact via the Executive Office for Immigration Review's website. See EOIR Automated Case Information https://acis.eoir.justice.gov/en/ (last visited October 26, 2026).

an alien detained under 8 U.S.C. § 1226(a), Bigli has the right to request a bond determination hearing, and that the availability of that administrative remedy satisfies due process. (Doc. 4 at 6-8).

The court concurs with the government that the statutory scheme governing immigration matters does contemplate re-detention but does not contemplate any additional protections for an alien who is re-detained. See 8 U.S.C. § 1226(b) (stating that the "Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."). That statute clearly governs in this, an immigration matter, and petitioner's reliance on Morrissey v. Brewer, 408 U.S. 471, 482 (1972), cannot overcome that statutory empowerment. The court therefore concludes that Bigli is currently properly detained under 8 U.S.C. § 1226(a).

Where a petitioner is detained pursuant to Section 1226(a), the three-factor test from Matthews v. Eldridge applies. 424 U.S. 319, 355 (1976). That test asks the court to consider "(1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Buele-Morocho v. Warden Philadelphia FDC, 189 F.4th 287, 306 (3d Cir. 2026) (citing Mathews, 424 U.S. at 335) (citation modified). The first factor plainly favors the petitioner here, as mandatory detention implicates his

"constitutionally protected interest in avoiding physical restraint." Kansas v. Hendricks, 521 U.S. 346, 356 (1997). As to the second factor, that also weighs in Bigli's favor given that he has been detained without a bond hearing, which "presents a high risk of erroneously depriving Petitioner[] of [his] liberty interest." Buele-Morocho, 189 F.4th at 306. The third factor generally weighs in the government's favor, as the government has a strong interest in securing dangerous detainees, or those likely to flee. But where, as here, there are no allegations of criminality nor any specific reason to suspect petitioner is a flight risk, this factor does not weigh heavily, and here, does not outweigh the first two factors. Id.

The court therefore concludes that the balancing of these factors dictates the proper outcome in this matter is for Bigli to be immediately released from ICE custody. This comports with the result of Buele-Morocho, wherein the Third Circuit affirmed the district courts' release of the petitioners. Buele-Morocho, 189 F.4th at 307. The court will grant the writ of habeas corpus and require the government to release petitioner.

An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania